UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-00020-1 |
| | § | |
| RENE PALOMO | § | |

## FINDINGS AND RECOMMENDATION
## ON PLEA OF GUILTY

United States District Court Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1]   The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3).   All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On February 27, 2015, the Defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.     The Defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the Defendant in a prosecution for perjury or for making a false statement;

2.     The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent.  The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

---

[1] *See* Special Orders C-2013-06 & C-2014-03.

3.      The Defendant was advised that Count One of the Indictment charged a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii), which makes it unlawful for any person to knowingly or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, move or transport or attempt to move or transport such alien within the United States in furtherance of such law violation;

4.      The Defendant was advised that the United States must prove each of the following elements of the offense beyond a reasonable doubt: (1) an alien came to, entered, and remained in the United States in violation of law; (2) the Defendant knew or recklessly disregarded that such alien had come to, entered, or remained in the United States in violation of law;  (3) the Defendant transported or moved or attempted to transport or move such alien or aided and abetted the transportation of such alien within the United States; and (4) the Defendant did so in furtherance of the alien's unlawful presence in the United States;

5.      The Defendant was advised that the maximum possible sentence included a prison term of up to five years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years; the Defendant also was advised that even if he received the maximum two year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a two year sentence again; the Defendant was advised that this could happen multiple times until he had completed serving his term of supervised release; the Defendant also was advised that a mandatory $100 special assessment applied to this felony conviction;

6.      The Defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the Defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him;

7.      The Defendant was advised that conviction of this offense would cause him to lose certain rights he has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the Defendant stated that he understood and had discussed these matters with his attorney; and

8.      The Defendant was advised that his written plea agreement with the United States included a promise that, in exchange for his plea of guilty to Count One, the

United States would recommend the maximum allowable credit for acceptance of responsibility and sentence of imprisonment within the applicable guideline range as decided by the District Court; in addition, if the Defendant has provided or did provide prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G. §5K1 and commensurate with the value of the information provided; the Defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested solely with the sentencing judge; and

The Defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction; the Defendant stated that he had discussed the appeal waiver with his attorney, and he understood he was knowingly waiting his right to appeal the conviction and sentencing decision of the District Court to a higher court and that he was knowingly waiving his right to file a petition collaterally challenging his conviction, except that nothing in the waiver will preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

The Defendant stated that he had received a copy of the Indictment and he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The Defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the Defendant a certain sentence. The Defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty.  The undersigned finds the Defendant to be sufficiently competent to enter a plea of guilty.

The Defendant pleaded guilty to the offense of transporting an unlawful alien as charged in Count One of the Indictment.  When questioned about the guilty plea, the Defendant admitted that on or about the date in the Indictment, an alien came to, entered, and remained in the United States in violation of law, the Defendant knew or recklessly disregarded that such alien had come to, entered, or remained in the United States in violation of law, the Defendant transported or moved or attempted to transport or move such alien or aided and abetted the transportation of such alien within the United States, and the Defendant did so in furtherance of the alien's unlawful presence in the United

States.  The Defendant further admitted that the facts in support of the guilty plea, as set forth by the United States Attorney, were correct.

The undersigned United States Magistrate Judge finds that Defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the Defendant's plea of guilty, and enter a finding that the Defendant is guilty as charged in Count One of the Indictment.

Respectfully submitted this 27th day of February, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).